UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CLINTON STRANGE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00033-LEW |
| | ) | |
| SHENNA BELLOWS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PETITION**

Plaintiff, a Louisiana resident, petitions the Court for a writ of quo warranto in response to the Maine Secretary of State's determination that former President Donald Trump is ineligible to have his name appear on Maine's 2024 Republican primary ballot. (Petition, ECF No. 1.) Following a review of the petition, I recommend the Court dismiss the matter.

**DISCUSSION**

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). "A district court may dismiss a complaint sua sponte, regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." *Baldi v. Mueller*, No. 09-10320-DPW, 2010 WL 1172616, at *3 (D. Mass. Mar. 23, 2010); *see also, Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("frivolous complaints are subject to dismissal

pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted") (citations omitted); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").

A court's sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the legitimate federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*,

36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[1]

Plaintiff styled his filing as a petition for a writ of quo warranto (latin for "by what authority"), which is a historical common law device "used to inquire into the authority by which a public office is held or a franchise is claimed." *Ellison v. Warden, New Hampshire State Prison*, No. 12-CV-36-PB, 2012 WL 2590496, at *2 n.3 (D.N.H. July 2, 2012) (quoting *Black's Law Dictionary* 1371 (9th ed.2009)). The relief Plaintiff requests, however, is not within the narrow scope of the writ in modern practice. *See generally*, *Smith v. Dearborn Fin. Servs., Inc.,* 982 F.2d 976, 981 (6th Cir. 1993) (labeling the writ "an extremely difficult and uncertain remedy") (citing *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C.Cir.1984)).

Plaintiff seeks to establish the qualifications of an individual to hold federal office in the future. (*See* Petition at 3 (asking the Court to permit Plaintiff "to conduct an oral examination of Candidate for President of the United States Donald John Trump to determine his qualification for future presumptive office . . ."). As relevant here, the writ is a means by which a plaintiff/petitioner could seek to demonstrate that an individual is

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim, *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule. It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

not qualified or is not eligible to hold an office, and the writ is typically potentially available only where the defendant or respondent is in actual possession and use of the office. 74 C.J.S. Quo Warranto §§ 1, 12. Furthermore, several courts have held that there is no federal common law quo warranto jurisdiction. *See Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *2 (3d Cir. Nov. 4, 2022) (citing *U.S. ex rel. State of Wis. v. First Fed. Savs. and Loan Ass'n*, 248 F.2d 804, 809 (7th Cir. 1957), *Barany v. Buller*, 670 F.2d 726, 735 (7th Cir. 1982)). While a federal statutory quo warranto claim seeking the removal of a federal officeholder exists, Plaintiff does not seek the removal of a federal officeholder.[2]

Plaintiff's quo warranto claim is also "obviously without merit" because he has not alleged or otherwise attempted to establish that he is the proper officeholder. The writ of quo warranto can only be invoked by a private citizen on behalf of the sovereign when the plaintiff can show that "a public office is being unlawfully held and exercised by the respondent and that the [plaintiff] is entitled to the office." 74 C.J.S. Quo Warranto § 19; *see also*, *Sibley v. Obama*, No. 12-5198, 2012 WL 6603088, at *1 (D.C. Cir. Dec. 6, 2012) ("plaintiff is also ineligible for such a writ because he does not set up any claim to the office held by President Obama") (internal quotation marks omitted).

---

[2] Even if Plaintiff were seeking the removal of a federal officer, a federal statutory quo warranto claim involving the Office of the President of the United States can only be brought in the District Court for the District of Columbia. *See* D.C. Code §§ 16-3501–03; *Drake v. Obama*, 664 F.3d 774, 784 (9th Cir. 2011) ("The District Court properly dismissed Plaintiff's quo warranto claims under D.C. Code § 16–3503, because the proper venue to file such claims against the President of the United States would be the District of Columbia").

For similar reasons, and perhaps more fundamentally, Plaintiff lacks standing to challenge Defendant's decision through a writ of quo warranto or any other writ or cause of action because Plaintiff apparently asserts the claim on behalf of or for the benefit of a third person.  The United States Constitution's limitations on the federal courts' authority requires that a party invoking federal jurisdiction establish: (1) an injury in fact that is concrete and particularized, and actual or imminent, not merely conjectural or hypothetical; (2) a causal connection between the injury and conduct complained of; and (3) a likelihood, as opposed to mere speculation, that the injury could be redressed with a favorable decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Because the Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power," *United States v. Hays*, 515 U.S. 737, 743 (1995), "[f]ederal courts across the country have consistently held that individual citizens do not have Article III standing to challenge whether another citizen is qualified to hold public office." *Perry-Bey v. Trump*, No. 123CV1165LMBIDD, 2023 WL 9051260, at *3–4 (E.D. Va. Dec. 29, 2023) (collecting cases).  In general, "[a] public official's title to office is an injury particularized to an individual only if that individual has 'an interest in the office itself'—if he or she sought the office at the same time as the current officeholder." *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) (quoting *Newman v. United States ex rel. Frizzell*, 238 U.S. 537, 550 (1915)); *see also*, *Castro v. Scanlan*, 86 F.4th 947, 954–57 (1st Cir. 2023) (discussing the narrow circumstances where a legitimate competitor for an office has the requisite concrete interest in adjudicating another individual's qualifications to

5

confer standing to sue). Plaintiff has failed to allege any facts that would give him standing to assert the claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 27th day of February, 2024.